# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

ROBERT WILLIAM STONE, JR.,

      Petitioner,

      v.

CASEY CAMPBELL,
MARYLAND ATTORNEY GENERAL and
WARDEN,

      Respondents.

Civil Action No. TDC-19-1429

## MEMORANDUM OPINION

Petitioner Robert William Stone, Jr., a state prisoner confined at the Roxbury Correctional Institution in Hagerstown, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 2015 conviction for attempted first-degree burglary and other charges. In the Petition, Stone argues that he was improperly held without bail even though he posted bail; that his conviction for attempted first-degree burglary violated double jeopardy because the charge was added alongside a charge of first-degree burglary at the indictment stage; and the trial court erred in finding that he had waived his right to counsel. Respondents have filed an Answer in which they argue that the Petition should be dismissed as time-barred or, in the alternative, that each of the asserted claims fails on either procedural or substantive grounds. Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), Stone was afforded an opportunity to explain why the Petition should not be dismissed as time-barred, and he submitted a Reply to the Answer. Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United

States District Courts; D. Md. Local R. 105.6.  For the reasons set forth below, the Petition will be DISMISSED as time-barred.

## BACKGROUND

On December 19, 2012, Stone was charged in a thirteen-count Indictment filed in the Circuit Court for Howard County, Maryland in Case No. 13-K-12-052922.  Counts 1-7 related to the theft of a vehicle on November 17, 2012 (Count 7) and a residential burglary in Columbia, Maryland on November 21, 2012 (Counts 1-6).  Counts 8-10 related to an additional burglary in Columbia on August 31, 2012.  Counts 11-13 related to a burglary in Clarksville, Maryland on July 14, 2012.

The events underlying Counts 1-7 were originally the subject of charges filed on November 22, 2012 in the District Court of Maryland for Howard County in Case No. 6T00080415. Those District Court charges did not include a charge of attempted burglary, but such a charge was included in Count 2 of the Indictment.  Stone's bond in the District Court case was set at $150,000, which he posted through a bail bondsman on November 25, 2012.  Stone was released the following day.

On the day of his release, Stone was charged in the District Court in Case No. 3T00079635 regarding the events that later formed Counts 11-13 of the Indictment.  Stone was held without bond in that case.  On November 27, 2012, additional charges were entered against Stone in the District Court in Case No. 4T00079643, regarding the events that form the basis of Counts 8-10 of the Indictment.  Bond was set in that case at $500,000 but was not posted.

When the Indictment was filed in Case No. 13-K-12-052922, the docket reflected that although the bond was paid in District Court Case No. 6T00080415, Stone would be held without bond due to the other charges.

2

On October 21, 2013, in Case No. 13-K-12-052922, the Circuit Court severed the case and set separate trials on Counts 1-7, Counts 8-10, and Counts 11-13.  On October 22-24, 2013, Stone had a jury trial on Counts 8-10, relating to the burglary on August 31, 2012, and was found guilty on a single count of theft of property valued at less than $1,000 and not guilty on the two other charges.  He was sentenced to 18 months of imprisonment.  Stone appealed, and his conviction was affirmed by the Court of Special of Appeals of Maryland in an unreported opinion filed on April 7, 2015.  He did not seek further review.

Counts 11-13, relating to the burglary on July 14, 2012, were tried on February 19-20, 2014.  Stone was acquitted on all counts.

On September 23-24, 2014, Stone was tried on Counts 1-7.  He was found guilty of attempted first-degree burglary, malicious destruction of property, resisting arrest, and unlawful taking of a motor vehicle.  He was acquitted of the remaining three counts.  On January 22, 2015, Stone was sentenced to a total term of 15 years and 60 days of incarceration.  These are the convictions at issue in this case.

Stone filed a timely appeal, which was denied in an unreported opinion filed by the Court of Special Appeals on May 10, 2016.  The Court's mandate issued on June 9, 2016.  To seek further review in the Court of Appeals of Maryland, Stone was required to file a petition for a writ of certiorari by June 24, 2016, which is within 15 days of the Court of Special Appeals' mandate. *See* Md. Rule 8-302(a).  Stone, did not, however, file that petition until December 8, 2016.  On February 21, 2017, the petition was dismissed by the Court of Appeals as untimely filed.  Stone's motion for reconsideration was denied on April 21, 2017.

Stone sought and was granted an extension of time to file a petition for a writ of certiorari in the United States Supreme Court.  Stone filed that petition on September 15, 2017, and the

Supreme Court denied it on February 20, 2018.  Stone filed a petition for rehearing on March 13, 2018, and the Court denied it on May 14, 2018.

While Stone was pursuing his direct appeal, he filed two petitions for a writ of habeas corpus in state court.  In Case No. 13-C-15-101989, filed on January 9, 2015 in the Circuit Court for Howard County, Stone claimed that his convictions on Counts 1-7 in Case No. 13-K-12-052922 violated the constitutional bar on double jeopardy.  The petition was denied on April 6, 2015.  Stone's second state petition for habeas corpus, Case No. 21-C-16-056302, was filed in the Circuit Court for Washington County, Maryland on February 18, 2016 and raised essentially the same claims regarding his bail status that he alleges in this case.  The petition was transferred to the Circuit Court for Howard County (Case No. 13-C-16-107502) and denied on May 13, 2016.  Although Maryland law does not provide a right of appeal from the denial of a state habeas petition challenging the validity of confinement under a sentence of imprisonment, *see* Md. Code Ann., Crim Proc. § 7-107(b)(1) (West 2013), Stone nevertheless noted an appeal to the Court of Special Appeals which was dismissed *sua sponte* on January 13, 2017.

On December 17, 2018, Stone filed a third state habeas petition, this time in the Circuit Court for Baltimore City, Maryland (Case No. 24-H-18-000451), again raising claims relating to his bail.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed filed as of the date it is placed in the prison mail system).  The order denying the petition was signed on January 17, 2019 and entered on the Court's docket on January 23, 2019.

After filing the present Petition, on July 24, 2019, Stone filed a fourth state habeas petition, again objecting to being held without bail.  That petition was filed in the Circuit Court for Washington County (Case No. C-21-CV-19-000436), transferred to the Circuit Court for Howard County (Case No. C-13-CV-19-000860), and denied on October 2, 2019.

4

## DISCUSSION

In their Answer, Respondents assert that the Petition should be dismissed as time-barred because it was filed beyond the one-year limitations period of 28 U.S.C. § 2244(d).  Respondents also assert procedural and substantive reasons that each of Stone's arguments in his Petition must fail.  Because the Court concludes that the Petition is time-barred, it need not and does not address the remaining arguments.

### I.      Legal Standard

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a) (2018).  A one-year limitations period applies to federal habeas petitions in non-capital cases filed by a person convicted in state court.  *Id.* § 2244(d).  Specifically:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(l).  This one-year period, however, is tolled while properly filed state post-conviction petitions are pending.  *Id.* § 2244(d)(2).

## II.    Timeliness

A review of the procedural history reveals that the one-year period elapsed prior to the filing of the Petition.  Stone's conviction became final on June 24, 2016, when the time for filing a petition for a writ of certiorari to the Maryland Court of Appeals expired.  Md. Rule 8-302(a).  Although Stone later filed such a petition, and then filed a petition for a writ of certiorari in the Supreme Court, because the petition in the Court of Appeals was untimely and denied by the court on that basis, his failed efforts to revive his appellate review did not extend the period of direct review so as to toll the running of the statute of limitations.  *See e.g.*, *Thomas v. Goodwin*, 786 F.3d 395, 399 (5th Cir. 2015) (holding that a conviction became final on direct review when the time for seeking review by the state Supreme Court expired, rather than when the state Supreme Court denied the writ due to its untimeliness);  *Randle v. Crawford*, 604 F.3d 1047, 1054-55 (9th Cir. 2010) (holding that a state supreme court's dismissal of a petitioner's appeal as untimely did not constitute the "conclusion of direct review" because "[i]f the one year limitations period were made contingent on the resolution of a petitioner's attempt to file an untimely notice of appeal, a petitioner could indefinitely delay the commencement of the one-year period by simply waiting to file such notice until after the normal expiration date");  *Bethea v. Girdich*, 293 F.3d 577, 579 (2d Cir. 2002) (holding that the filing of a motion to extend the time for appeal or to file a late notice of appeal did not restart the limitations period for federal habeas review and extend it until the state court's denial of such a filing as untimely).  Stone's first two state habeas petitions did not toll the limitations period because they were filed and denied before June 24, 2016, and Stone's effort to appeal the denial of the second one did not extend the limitations period where an appeal

was not legally permitted.  28 U.S.C. § 2244(d)(2) (tolling the limitations period only for a "properly filed" application for state post-conviction review); *Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (holding that an application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings" under state law).  The third state habeas petition was not filed until December 17, 2018.  Accordingly, the one-year limitations ran without interruption from June 24, 2016 forward and expired on June 23, 2017.

Even if Stone's untimely petitions for writs of certiorari to the Maryland Court of Appeals and the United States Supreme Court were deemed to extend the period of direct review, that period ended at the very latest on February 20, 2018, when the Supreme Court denied the petition. *See United States v. Segers*, 271 F.3d 181, 184-86 (4th Cir. 2001) (holding, in context of the one-year limitations period under 28 U.S.C. § 2255, that a "petition for rehearing of the denial of certiorari has no effect" and that "a judgment of conviction becomes final" when the Supreme Court denies certiorari, not when the request for rehearing is denied); *Giesberg v. Cockrell*, 288 F.3d 268, 270-71 (5th Cir. 2002) (holding that a § 2254 petition becomes final when the Supreme Court denies a petition for a writ of certiorari, not upon denial of a petition for rehearing and noting that the one-year limitation provision applied to § 2254 petitions is "virtually identical" to the limitations provision for § 2255 motions); *see also Burch v. Corcoran*, 273 F.3d 577, 584 (4th Cir. 2001) (holding that a judgment of conviction became final when the Supreme Court denies a petition for a writ of certiorari).

While Stone's one-year limitations period began to run no later than February 20, 2018, Stone did not file the instant Petition until May 11, 2019, over one year later.  Only one of Stone's state habeas petitions tolled any part of that intervening period.  As discussed above, the first two state habeas petitions were filed and denied long before February 20, 2018.  Where the third habeas

petition was pending in the Circuit Court for Baltimore City from December 17, 2018 to January 23, 2019, it tolled the limitations period for a total of 37 days.  28 U.S.C. § 2244(d)(2); *Gray v. Ballard*, 848 F.3d 318, 322 n.5 (4th Cir. 2017) (finding that state habeas petitions are applications for collateral review that toll the limitations period under § 2244(d)(2)).  However, even with this period tolled, the one-year limitations period still expired on March 29, 2019, over a month before Stone filed his Petition in this Court.  Stone's fourth and final habeas petition did not toll the limitations period because it was not filed until after this case was instituted.  *See e.g. Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); *see also Brown v. Langley*, 348 F. Supp. 2d 533, 536 (M.D.N.C. 2004) (holding that "subsequent motions or petitions cannot revive a period of limitation that has already run").

Finally, Stone does not assert, and the Court cannot identify, a basis for finding that any of the provisions setting a later date for the commencement of the limitations period, as specified in 28 U.S.C. § 2244(d)(l)(B)-(D), are applicable to his Petition.  Thus, under any reading of the procedural history, the Petition was filed after the expiration of the limitations period and is time-barred.

## III.   Equitable Tolling

Under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling.  *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000).  A petitioner seeking equitable tolling must show that (1) extraordinary circumstances, (2) beyond the petitioner's control or external to the petitioner's own conduct, (3) prevented timely filing of a petition.  *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*).  Furthermore, to be entitled to equitable tolling a petitioner must

have been "pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  If "the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).  The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330.  Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Here, where Stone erroneously argues that the Petition was timely filed because he filed it within one year of the date that the Supreme Court denied his petition for rehearing of his petition for a writ of certiorari, he arguably failed to file a timely petition because of a misunderstanding of the applicable law.  Because ignorance of the law, even for a self-represented petitioner, does not provide a basis for equitable tolling, the Court finds no persuasive basis for equitable tolling of the limitations period.  *See id.*

## IV.     Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition.  Because the accompanying Order is a final order adverse to the applicant, Stone must receive a certificate of appealability before an appeal may proceed.  28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).  When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Stone's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing.  The Court therefore declines to issue a certificate of appealability.  Stone may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, the Petition will be DISMISSED as time-barred.  The Court declines to issue a certificate of appealability.  A separate Order shall issue.


Date:  May 5, 2020                                   /s/ *Theodore D. Chuang*
                                                     THEODORE D. CHUANG
                                                     United States District Judge